UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMMARI OF LOUISIANA, L.L.C<br>Plaintiff, | * <br> * <br> * | CASE NO. 22-80 |
| v. | * <br> * | JUDGE ELDON E. FALLON |
| STARR SURPLUS LINES INSURANCE COMPANY<br>Defendant | * <br> * <br> * <br> * <br> * | MAG. JUDGE DONNA PHILLIPS CURRAULT |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER AND REASONS

Pending before the Court is Plaintiff Ammari of Louisiana's Motion to Remand. R. Doc. 14. Defendant Starr Surplus Lines Insurance Company opposes the motion. R. Doc. 18. Plaintiff filed a reply. R. Doc. 23. Having considered the briefing and relevant law, the Court rules as follows.

I.  **BACKGROUND**

This case arises out of alleged unpaid insurance claims for businesses income losses allegedly covered by Plaintiff Ammari of Louisiana's ("Ammari") insurance policy with Defendant Starr Surplus Lines Insurance Company ("Starr"). R. Doc. 1-1 at 17. Ammari is a Louisiana LLC with its principal place of business in Louisiana, operating several restaurants, bars, and event venues located in the New Orleans, Louisiana metropolitan area. *Id.* at 1-2. Starr is an Illinois insurance company with its principal place of business in New York. R. Doc. 1 at 4.

In its state court petition, Plaintiff alleges that the presence of the coronavirus and the resulting proclamations, notices, and orders issued by the Governor of Louisiana and the Mayor

1

of New Orleans forcing restaurants to suspend their business operations caused Plaintiff business income losses and extra expenses to be incurred. R. Doc. 1-1 at 19. Plaintiff further alleges that the income losses caused by the presence of coronavirus, loss of use of premises, and lost rent are covered causes of loss under their insurance policy with Starr. *Id.* at 21.

On December 6, 2021, two other Defendants, John O'Brien, Jr. ("O'Brien") and Arthur J. Gallagher Risk Management Services, Inc., ("Gallagher"), Plaintiff's insurance agent and his employer, were dismissed with prejudice by the Civil District Court for the Parish of Orleans under Exception of Peremption and Exception of No Cause of Action, leaving Starr as the sole Defendant. *Id.* at 2. Following the dismissal of those parties, Defendant removed the case to this Court, asserting that removal is proper because with Starr as the sole remaining defendant, complete diversity exists among the parties. R. Doc. 1 at 3.

II.     **PRESENT MOTION**

In response to the removal, Plaintiff filed a Motion to Remand on February 15, 2022. R. Doc. 14. Plaintiffs rely on the "voluntary-involuntary" rule, which states that a case that achieves complete diversity after the dismissal of in-state defendants is removable only when that dismissal was voluntary on the part of the plaintiff. R. Doc. 14-1 at 8 (citing *McLin v. Surgitex Inc.*, No. 91-4116, 1992 WL 67801 (E.D. La. Mar. 25, 1992). Plaintiff further avers that the exception to the "voluntary-involuntary" rule laid out in *Hoyt v. Lane Construction Corp.*, 927 F.3d 287, 295 (5th Cir. 2019), does not apply in this case. R. Doc. 14-1 at 9.

In *Hoyt*, the Fifth Circuit held that upon removal of a case after a state court dismissal of a non-diverse defendant, the removing defendant may claim in response to the plaintiff's invocation of the voluntary-involuntary rule that that non-diverse defendant had been improperly joined *ab initio*, and therefore that the voluntary-involuntary rule should not apply. 927 F.3d at 295. However, there is a further exception to this exception: if upon removal the federal court

finds that "there is any reasonable possibility that the [state court] judgment [dismissing the non-diverse party] will be reversed on appeal," the case should be remanded back to state court. *Hoyt*, 927 F.3d at 296.

Plaintiff asserts that it intends to appeal the state court's dismissal of non-diverse party O'Brien, and that, under *Hoyt*, the voluntary-involuntary rule thus renders removal improper if there is a reasonable possibility that the plaintiff may successfully appeal the dismissal of the in-state defendant. R. Doc. 14-1 at 9-10; *Hoyt*, 927 F. 3d at 296. Plaintiff asserts that the state court erred in dismissing O'Brien, claiming that he was not improperly joined because Plaintiff had in fact alleged a valid cause of action against O'Brien under a theory of heightened duty owed to Plaintiff by O'Brien. *Id.* at 14.

In its opposition to the motion to remand, Defendant Starr asserts that the *Hoyt* defeats the voluntary-involuntary rule here because O'Brien was improperly joined. R. Doc. 18 at 2. Starr relies on the state court's finding that Ammari's claims against O'Brien and Gallagher, were perempted under Louisiana law. *Id.* at 5. Starr further alleges that, because all claims against O'Brien and Gallagher are perempted, there is no reasonable possibility that the state court's judgement dismissing those parties from the case will be reversed on appeal. *Id.* at 6.

### III.   DISCUSSION

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, this Court must determine whether it has subject matter jurisdiction in order to decide Plaintiffs' motion.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and "may not exercise . . . jurisdiction absent a statutory

3

basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The removing party bears the burden of establishing federal jurisdiction. *Baby Oil, Inc. v. Cedyco Corp.*, 654 F. Supp. 2d 508, 515 (E.D. La. 2009) (citing *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997)). Because removal "raises significant federalism concerns," *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988), any doubts regarding the propriety of federal jurisdiction should be resolved against its exercise and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In this case, as Defendants assert that federal jurisdiction is available based on complete diversity between the parties, the dispositive issue is whether Ammari has a reasonable possibility of successfully appealing the state court's dismissal of the non-diverse parties. To make this determination the Court must look to Louisiana law.

Ammari claims that the state court erred in finding that it had no cause of action against O'Brien based on its finding that O'Brien did not owe a heightened to Ammari as its insurance agent. An insurance agent's duty to his clients is, at base, to provide the requested coverage, However, a heightened duty can apply depending on the "services that the agent holds himself out as performing and the specific relationship and agreements between the agent and his client." *Belmont Commons, L.L.C. v. Axis Surplus Ins. Co.*, 569 F. Supp. 2d 637, 644 (E.D. La. July 28, 50 2008) (citing *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730-31 (La. 1973)). Ammari claims that this heightened duty applies here because O'Brien had advised Ammari for nearly two decades and acted as its advisor, had regular conversations and meetings about the insurance provided to Ammari, and frequently advised Ammari on the different types of insurance it could provide. R. Doc. 14-1 at 20. Additionally, Ammari points to language on Gallagher's website, claiming that it created a heightened duty to Ammari by claiming that its expertise would "create the right program" for its clients, "identify exposures to risk and improve

4

profitability[,]" and provide solutions that were "tailored for" each client. *Id.* Accordingly, they claim to present a cause of action against O'Brien on the basis of his failure, under this heightened duty, to provide them with insurance coverage for the instant claimed damages.

In *Isidore Newman Sch. v. J. Everett Eaves, Inc.*, the Louisiana Supreme Court held that an insurance broker or agent does not owe a duty to advise clients as to the amount or type of insurance coverage to obtain. 42 So. 3d 352, 359 (2010). In that case, Newman argued that a relationship of heightened duty existed between it and its insurance agent because they met frequently to discuss insurance policies and he held himself out as an expert who would provide them with adequate insurance coverage. *Id.* at 353. The Court found that, although the agent owed a duty of "reasonable diligence" to the school, there was no heightened duty and the agent did not breach any duty by failing to provide insurance coverage for the specific type of damage Newman incurred. *Id.* at 359. The Court reasoned that "it is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed." *Id.* The Court further held that "it is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs." *Id.*

The Court of Appeals of Louisiana, Fourth Circuit applied this rule in *Mandina v O'Brien*, finding that an insurance agent who, as in this case, regularly met with his client and discussed ensuring that it was adequately covered did not owe a heightened duty to that client and had not breached what duty he did when the client found its coverage to be lacking in a particular area. 156 So. 3d 99, 113, *writ denied*, 2013-2104 (La. 11/22/13). The Court in that case stated that:

> "[a]n insured . . . who does not inquire about a particular coverage, who does not ask for the coverage, who does not ask for clarification about the coverage. . . has no right to assume that he has coverage and then sue his agent because his (the insured's) assumption was incorrect." *Id.*

Ammari similarly did not inquire specifically about coverage which would have protected it from the types of losses it allegedly suffered as a result of Covid-19 and the government mandated closures. Merely having a series of meetings with its insurance agent and a long, ongoing business relationship, does not impose upon that agent a heightened duty under *Newman* and *Mandina*. Accordingly, by analogy with those cases, there is no reasonable possibility that a state court will find that O'Brien owed a "heightened duty" to identify the type and amount of coverage Ammari claims that it needed here.

Having found that there is there is no reasonable possibility that the state court will reverse its dismissal of O'Brien, the Court must apply *Hoyt*'s exception to the "voluntary-involuntary" rule. Accordingly, because the non-diverse defendants were improperly joined *ab initio*, the voluntary-involuntary rule does not preclude removal in this case.

## IV.    RECOMMENDATION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Remand.

New Orleans, Louisiana, this 28th day of July, 2022.

**HONORABLE ELDON E. FALLON**
**UNITED STATES DISTRICT JUDGE**