## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AMMARI OF LOUISIANA, L.L.C** | * | **CASE NO. 22-80** |
| **Plaintiff,** | * | |
| | * | **JUDGE ELDON E. FALLON** |
| **v.** | * | |
| | * | **MAG. JUDGE DONNA PHILLIPS CURRAULT** |
| **STARR SURPLUS LINES INSURANCE** | * | |
| **COMPANY** | * | |
| **Defendant** | * | |
| | * | |
| * * * * * * * * * * * * | * | |

## ORDER AND REASONS

Pending before the Court is Defendant Starr Surplus Lines Insurance Company's motion pursuant to Federal Rule of Civil Procedure 12(b)(6), R. Doc. 32, to dismiss Plaintiff Ammari of Louisiana's claims against it for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion. R. Doc. 41. Having considered the briefing and the applicable law, the Court rules as follows.

### I.   BACKGROUND

This case arises out of alleged unpaid insurance claims for businesses income losses allegedly covered by Plaintiff Ammari of Louisiana's ("Ammari") insurance policy with Defendant Starr Surplus Lines Insurance Company ("Starr"). R. Doc. 1-1 at 17. Ammari is a Louisiana LLC with its principal place of business in Louisiana, operating several restaurants, bars, and event venues located in the New Orleans, Louisiana metropolitan area. *Id.* at 1-2. Starr is an Illinois insurance company with its principal place of business in New York. R. Doc. 1 at 4.

In its state court petition, Plaintiff alleges that the presence of the coronavirus and the resulting proclamations, notices, and orders issued by the Governor of Louisiana and the Mayor

1

of New Orleans forcing restaurants to suspend their business operations caused Plaintiff business income losses and extra expenses to be incurred. R. Doc. 1-1 at 19. Plaintiff further alleges that the income losses caused by the presence of coronavirus, loss of use of premises, and lost rent are covered causes of loss under their insurance policy with Starr. *Id.* at 21.

On December 6, 2021, two other Defendants, John O'Brien, Jr. ("O'Brien") and Arthur J. Gallagher Risk Management Services, Inc., ("Gallagher"), Plaintiff's insurance agent and his employer, were dismissed with prejudice by the Civil District Court for the Parish of Orleans under Exception of Peremption and Exception of No Cause of Action, leaving Starr as the sole Defendant. *Id.* at 2. Following the dismissal of those parties, Defendant filed to remove the case to this Court, asserting that removal is proper because with Starr as the sole remaining defendant, complete diversity exists among the parties. R. Doc. 1 at 3.

In response to the removal, Plaintiff filed a Motion to Remand on February 15, 2022. R. Doc. 14. This Court denied Plaintiff's motion, R. Doc. 26. Plaintiff then filed a motion to reconsider that denial, R. Doc. 28, which the Court also denied. R. Doc. 38. Now, Defendant has filed the present Motion to Dismiss under Rule 12(b)(6). R. Doc. 32.

## II.   PRESENT MOTION

In its Motion to Dismiss, Starr argues primarily that Plaintiff's COVID-19 related claims against it are not covered by the insurance policy Plaintiff purchased from Starr (the "Policy"). R. Doc. 31-1 at 13–17. In the alternative, it argues that the Policy's Pollution and Contamination Exclusion Clause precludes coverage for the alleged losses. *Id.* at 17–19. It also asserts that, because there is no coverage for the alleged losses under the Policy, Plaintiff's claims for breach of contract and bad faith must also be dismissed. *Id.* at 19–20.

In response, Ammari argues that it has plausibly pled a claim that the COVID-19 related damage it alleges does constitute physical damage under the terms of the Policy as interpreted

2

under Louisiana law. R. Doc 41 at 4–16.

## III.   APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions*." Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV.   DISCUSSION

It is undenied that the terms of the Policy require Ammari to have suffered direct *physical* loss or damage to recover for loss or damages under the Policy. The parties dispute simply whether Ammari's claimed COVID-19 related damages can constitute direct physical damages. While Ammari points to Louisiana law in making its argument that those damages can constitute direct physical damages, the Fifth Circuit Court of Appeals, whose dictate this Court must follow, has already held, via its own interpretation of Louisiana law, that they cannot. *See Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 258–260 (5th Cir. 2022); *Dickie Brennan & Co., L.L.C. v. Zurich Am. Ins. Co.*, No. 21-30776, 2022 WL 3031308, at *2

3

(5th Cir. Aug. 1, 2022) (unpublished). Accordingly, Plaintiff has failed to state a claim upon which relief can be granted under the terms of the Policy, and dismissal under Rule 12(b)(6) is warranted.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

New Orleans, Louisiana, this 7th day of November, 2022.

_____
United States District Judge